IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Delano Medina , Plaintiff

v.

Dean Williams ,

Mike Romero ,

_____ ,

_____ , Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

**PRISONER COMPLAINT**

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Delano Medina, #129304, CTCF P.O. Box 1010 Cañon City, CO 81215
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

Indicate whether you are a prisoner or other confined person as follows: (check one)

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Dean Williams, Executive Director of the Colorado
(Name, job title, and complete mailing address)

Department of Corrections, 1250 Academy Park Loop, Colo. Springs CO 80910.

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Mr. Williams abused his power by responding to COVID-19 by lockdown without access to a law library.

Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

2

Defendant 2: <u>Mike Romero, Warden, CTCF P.O. Box 1010</u>
(Name, job title, and complete mailing address)
<u>Cañon City, CO 81215</u>

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

<u>Mr. Romero abused his power by responding to COVID-19 by lockdown without access to law library.</u>

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3: _____
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_X_ Other: (*please identify*) <u>28 U.S.C. 2241 Habeas Corpus.</u>

3

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Cruel and Unusual Punishment; Denying law library.</u>

Supporting facts: Since April 1, 2020 while at Colorado Territorial Correctional Facility, Plaintiff, Delano Medina has been locked-down due to COVID-19 and had no access to a law library. The Department of Corrections (DOC) cannot enforce social distancing in violation of Center For Disease (CDC) recomendations for institutions. See Interim Guidance on Management of Coronavirus Disease 2019 in Correctional and detention facilities. Available at: http://www.cdc.gov/coronavirus/2019-ncov/index.htm

Annie Skinner, Public Information officer stated on 3/11/20 that the DOC would make changes for prevention of COVID-19. But all DOC has done is basickly quarantine all inmates by locking the facility, cancelling all programs such as law library. This was said to have come from Dean Williams. When inmates have symptoms they are told to stay in their rooms. This will not stop the inevidable outbreak in violation of <u>Helling v. McKinny</u>, 509 U.S. 25, 33, 113 S.Ct. 2475 (1993) (citing cases condeming failure to separate prisoners with contagious diseases from others) Accord <u>DeGidio v. Pung</u>, 704 F.Supp. 922, 937-51 (D. Minn. 1989)

4

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): Dean Williams

Docket number and court: 20-cv-01307-GPG

Claims raised: Same

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) Dismissed Without Prejudice

Reasons for dismissal, if dismissed: Re-File under 42 U.S.C. 1983

Result on appeal, if appealed: Pending / instant complaint.

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_X_ Yes ___ No (*check one*)

5

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Plaintiff respectfully request the Court either issue the Defendants an Order to Show Cause, or the Court Grant habeas Corpus relief pursuant to Kane v. Winn, 319 F.Supp. 2d 162, 215 (D. Mass. 2004), stating in relevant part: "habeas might be used in extreme cases where release is a necessary remedy." Accord Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003).

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_[signature]_
(Plaintiff's signature)

June 1st 2020.
(Date)

(Form Revised December 2017)

## D. STATEMENT OF CLAIMS

According to the press release by Annie Skinner on 3/11/20 regarding: Operational changes at Colorado Department of Corrections' facilities for prevention of COVID-19, it was said by CDOC Executive Director Dean Williams:"We take our responsibility to protect staff, inmates, and parolees very seriously...and we are taking actions based on our desire to prevent them from harms way as a result of COVID-19"

On 3/23/20 Dean Williams said: "It is critical that we do everything possible to keep COVID-19 out of our correctional system""The introduction could have devastating results."

However, CDC guidelines such as social distancing are not able to be followed. Plaintiff addressed this in his petition for habeas corpus relief to no avail. Life must be protected. Without the DOC being prepared to handel this crisis and pandemic Courts must create a remedy to protect the right to be safe from infectious disease and imminent danger to life and prevent death. Because a vaccine will not be created for about a year, if one is even created at all, Courts must instruct institutions to allow limited access to a law library. Without ~~out~~ this, keeping inmates on lockdown indefinately will violate the right to litigate with meaningfull access to the courts.

If we're all in this together, then we must treat eachother with respect and decency so wrongful convictions can be remedyed without assuming guilt and denying the ability to research and defend against wrongful imprisonment.

7

## D. STATEMENT OF CLAIMS

Plaintiff, Delano Medina, has noticed that the DOC is wholly unprepared to handel this crisis and because the DOC is keeping inmates on lockdown without the ability to even come out of their cells except to use the restroom, they are preventing the ability to assert rights and prove innocence. Understandably, most inmates are guilty and don't care about freedom and liberty because they are drug addicts and live under bridges and eat out of trash cans for a living. But people can change, and some inmates are actually innocent and need the ability to prove it. Because the DOC can do nothing to protect prisoners in there custody other than lock them in there cells without meaningful access to the courts in violatin of authority like: <u>Hebbe v. Pliler, 627 F.3d 338, 340-42 (9th Cir. 2010)</u>;<u>Tate v. Wood, 963 F.2d 20(2nd Cir. 1992)</u>. Because the COVID-19 pandemic will ~~cause~~ not only subject infectious disease, but also subject inmates from establishing their innocence, a remedy must be created to protect liberty and due process of law. Mr. Medina asks the Courts to protect the right to life. Choose life over death. Good over evil. Courts must do the right thing and defend the Constitutional right to litigate and protect life from imminent danger from infectious disease.

As of today (June 1, 2020) the DOC is continuing to cancel all programs and keep inmates on lockdown without access to a law library in violation of 1st and 14th Amendment rights.

8

## D. STATEMENT OF CLAIMS

Recently the U.S. death toll has passed 100,000 and it does not seem like it will slow down. Prisons cannot simply lock down facilitys to combat the virus. A potential death sentence must not be able to outweigh the false hope that the disease won't cause someone incarcerated to die. Even if a recovery is made, COVID-19 has recently been found to cause other illness and health issues. Even if a cure is eventually developed, the damage will have been done. The ACLU reports fewer than 300 people have been released from DOC due to COVID-19. Anne Holland-Edwards of the ACLU COOPERATING Attorney said: "Their refusal to prioritize the safety of vulnerable people by releasing those who are not a public safety risk, and implement adequate protocols for others essentially imposes a death sentence on many people in their custody." If then, the DOC will protect inmates by keeping them on lockdown and denying a law library, they are rejecting the well-established law mandating meaningfull access to the courts. The Bible warns of such injustice: "To reject the law is to praise the wicked;to obey the law is to fight them. Evil people don't understand justice, but those who follow the LORD understand completely." PROVERBS 28:4-5

Accordingly, remedy must be decided under the rule of law with habeas corpus relief and truth, justice, and righteousness ultimately prevailing, or an Order Granting law library access. Respectfully submitted June 1, 2020.

_____
DELANO MEDINA