FILED
United States Court of Appeals
Tenth Circuit

July 13, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

DELANO MARCO MEDINA,

    Plaintiff - Appellant,

v.

DEAN WILLIAMS; MIKE ROMERO,

    Defendants - Appellees.

No. 21-1350
(D.C. No. 1:20-CV-01607-DDD-MEH)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **EID**, Circuit Judges.
_____

This is an appeal from the district court's dismissal of civil rights claims asserted by Delano Marco Medina, an inmate within the Colorado Department of Corrections (CDOC). Medina's pro se complaint, filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2241, charged that the defendants violated his Eighth Amendment rights by failing to implement and enforce adequate social distancing guidelines to protect him from infection by the COVID-19 virus. Medina also asserted that the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prison's COVID-19 restrictions violated his First Amendment right of access to the courts by preventing him from accessing the prison's law library. He sought habeas corpus relief, including his release from incarceration, or an "order to show cause." R. at 14. We have jurisdiction, *see* 28 U.S.C. § 1291, and we affirm the dismissal.

The district court dismissed Medina's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The standard of review under both these rules is de novo. *Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009). Under this standard, the court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Id.* at 1098. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Medina appears pro se in this appeal. "[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). But we do not serve as Medina's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Also, our "broad reading of [Medina's] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

1. **Eighth Amendment Claim**

In his complaint Medina asserted that the defendants had imposed a lockdown at his facility, the Colorado Territorial Correctional Facility, since April 1, 2020. They had quarantined inmates and told those with symptoms to stay in their rooms and had "cancel[ed] all programs such as [the] law library." R. at 12. He opined that this would "not stop the inevi[t]able outbreak" of COVID among prisoners. *Id.* He also complained that the CDOC was "not able" to follow guidelines issued by the United States Center for Disease Control, such as social distancing, *id.* at 15; and argued that CDOC should release from custody vulnerable people like himself who are "not a public safety risk," *id.* at 17.[1]

"Under the Eighth Amendment, prison officials have a duty to . . . 'tak[e] reasonable measures to guarantee the safety of . . . inmates.'" *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To plead a deliberate indifference claim, an inmate must allege: (1) that the conditions of his incarceration present an objective substantial risk of serious harm

---

[1] In his opening appeal brief, Medina makes a new set of arguments, supported by a new set of facts, that appeared nowhere in his district court complaint. He claims "the CDOC implemented a policy of herd immunity on inmates" which resulted in the death of 29 inmates. Aplt. Opening Br. at 2. He asserts that during the COVID-19 outbreak unspecified correctional officers "were moving inmates all over the Facility in an effort to get inmates sick," and that the CDOC "has willfully infected inmates with the false assumption that herd immunity is good and will allow them to get back to normal operations." *Id.* We decline to consider these new theories and arguments. *See Richison v. Ernest Grp., Inc.,* 634 F.3d 1123, 1127-28 (10th Cir. 2011).

and (2) prison officials acted with deliberate indifference to inmate health and safety by disregarding the risk. *See Farmer*, 511 U.S. at 834.

The district court concluded Medina's vague and conclusory allegations were insufficient to show that the named defendants' actions either amounted to an objectively sufficiently serious deprivation, or that the defendants were deliberately indifferent to a substantial risk of serious harm. We agree that Medina failed to state a claim for violation of his Eighth Amendment rights. Even if he established the objective component of an Eighth Amendment deliberate-indifference claim—by showing that prisoners at his CDOC facility faced a heightened health risk from COVID-19—he failed to establish the subjective component because he did not adequately allege facts that show that the defendants subjectively disregarded the virus's risk to his health.

In addressing the subjective prong, "[t]he key inquiry is whether the [defendants] responded reasonably to . . . the risk posed by COVID-19." *Wilson v. Williams*, 961 F.3d 829, 840-41 (6th Cir. 2020) (internal quotation marks omitted). A response may be reasonable even if "the harm imposed by COVID-19 on inmates . . . ultimately is not averted." *Id.* at 841 (brackets and internal quotation marks omitted). Medina's complaint fails to allege specific facts indicating that defendants were deliberately indifferent to him or other inmates. Instead, the complaint indicates that the defendants took affirmative steps to mitigate COVID-19's risks, such as quarantining inmates with symptoms, locking down the facility, and restricting access to common areas at the prison.

The complaint identifies two additional measures the defendants could have taken: complying with the CDC's guidelines and releasing prisoners from incarceration. But by Medina's own admission, prison authorities were "not able" to comply with the CDC guidelines. *See* R. at 15. He fails to show that it is reasonable to expect prison authorities to do what he claims it is not possible for them to do. Moreover, "social distancing" is the only CDC guideline he specifically mentions, and the complaint fails to plead any specific facts plausibly detailing how the defendants unreasonably failed to comply with that guideline. Although the complaint also suggests that releasing inmates would be a preferable method of addressing the pandemic, this is not a form of relief that is available through a § 1983 claim involving conditions of confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who . . . seeks immediate or speedier release"). In sum, the complaint's allegations do not sufficiently articulate a claim that the defendants acted with deliberate indifference. The district court therefore properly dismissed this claim.

## 2. Other Claims

In his complaint, Medina also complained that the defendants denied him access to a law library and, hence, to meaningful access to the courts. The district court rejected this claim because he "failed to articulate an actual injury to maintain standing." R. at 46. He also maintained, citing 28 U.S.C. § 2241, that the appropriate remedy for the alleged Eighth Amendment violations was to release him

from incarceration. But the district court determined that he had failed to articulate a claim for habeas relief sufficient to challenge the fact or duration of his incarceration.

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Medina has failed to develop an argument in his opening brief to explain why the district court's decisions concerning his access-to-the-courts claim and his request for release were wrong. We therefore decline to further address these rulings. *See Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (holding issues or arguments insufficiently raised in the opening brief are deemed waived).

### 3. Conclusion

We affirm the judgment dismissing Medina's complaint. Because Medina has shown his inability to pay and the existence of a nonfrivolous argument, we grant his motion for leave to proceed in forma pauperis. However, we note that because the PLRA applies to this appeal, Medina must continue making partial payments until the entire filing fee has been paid. See 28 U.S.C. § 1915(b)(1).

                                  Entered for the Court

                                  Allison H. Eid
                                  Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | |
|---|---|
| Christopher M. Wolpert<br>Clerk of Court | Jane K. Castro<br>Chief Deputy Clerk |

July 13, 2022

Mr. Delano Marco Medina
Colorado Territorial Correctional Facility
P.O. Box 1010
Canon City, CO 81215-1010
#129304

**RE:** 21-1350, Medina v. Williams, et al
Dist/Ag docket: 1:20-CV-01607-DDD-MEH

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Gregory Bueno

CMW/na